UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

  vs.

CHRISTOPHER ALLAN BODEN, a/k/a "Captain,"
LEESA BETH VOGT, a/k/a "Lis Bokt,"
a/k/a "Moose," and
DANIEL REYNOLD DEJAGER,
a/k/a "Daniel Reynold," a/k/a "Daniel Miester,"
a/k/a "Danichi,"

          Defendants.

          **INDICTMENT**

_____/

The Grand Jury charges:

## COUNT 1
(Conspiracy to Operate an Unlicensed Money Transmitting Business)

Between approximately March 2017 and December 2018, in Kent County, in the Western

District of Michigan, Southern Division, and elsewhere, the defendants,

CHRISTOPHER ALLAN BODEN, a/k/a "Captain,"
LEESA BETH VOGT, a/k/a "Lis Bokt," a/k/a "Moose," and
DANIEL REYNOLD DEJAGER, a/k/a "Daniel Reynold,"
a/k/a "Daniel Miester," a/k/a "Danichi,"

and others known and unknown to the Grand Jury, unlawfully, willfully and knowingly

combined, conspired, confederated, and agreed together and with each other to commit an

offense against the United States, namely, to violate Section 1960 of Title 18, United States

Code.

It was a part and the object of the conspiracy that BODEN, VOGT, DEJAGER, Jeremy

Tyler Swink, and others known and unknown, would and did conduct, control, manage,

supervise, direct, and own all or part of an unlicensed money transmitting business, namely, The

Geek Group, a/k/a the National Science Institute, in violation of Section 1960 of Title 18, United

States Code.

<u>MANNER AND MEANS</u>

1.      Among the means and methods by which BODEN, VOGT, DEJAGER, Swink,

and their co-conspirators would and did carry out the conspiracy were the following:

a.      At all times relevant to this Indictment, BODEN was the president and a

board member of The Geek Group, which was a registered 501(c)(3) non-profit organization.

VOGT was a board member of The Geek Group.  Swink was on the staff of The Geek Group.

DEJAGER was a consultant for The Geek Group.  The Geek Group was located in Grand

Rapids, Michigan.

b.      At all times relevant to this Indictment, BODEN sold bitcoin, personally

and using The Geek Group, to numerous customers, in exchange for U.S. currency, primarily

cash.  The total value of bitcoin sold by BODEN and his co-conspirators was equivalent to more

than $700,000 in U.S. currency.

c.      At all times relevant to this Indictment, Swink sold bitcoin on behalf of

BODEN at The Geek Group.  BODEN obtained the bitcoin from DEJAGER, who lived in

Washington, and would periodically travel to Michigan to meet with BODEN.  BODEN, VOGT,

and Swink would deposit cash received from their customers into a bank account to which

DEJAGER had access, or would otherwise transfer cash to DEJAGER.  DEJAGER then used

that currency to purchase additional bitcoin.

d.      During the period relevant to this Indictment, none of BODEN, VOGT,

DEJAGER, Swink, and The Geek Group, a/k/a the National Science Institute, was registered as a

money services business or money transmitter with the United States Department of the Treasury.

OVERT ACTS

2.      In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Western District of Michigan and elsewhere:

a.      In or around May and June 2017, BODEN, VOGT, and DEJAGER opened a bank account at Chase Bank, with the account number ending 6810, for the purpose of storing and transferring cash proceeds of the sale of bitcoin, which were then used to purchase additional bitcoin.

b.      On or about July 17, 2017, BODEN, VOGT, DEJAGER, and Swink set up a group chat on Facebook for the purpose of recording cash deposits from the proceeds of the sale of bitcoin.

c.      In 2017 and 2018, BODEN, VOGT, DEJAGER, and Swink made numerous deposits to the Chase Bank account, and DEJAGER used those funds to purchase additional bitcoin on the exchanges Coinbase, Gemini, and Glidera, including but not limited to the following transactions in or around the following dates:

| Date | Description of Transactions |
|---|---|
| September 2017 | 22 ATM deposits at Chase Bank totaling $19,970, and 12 related debits to virtual currency exchanges Coinbase and Glidera, totaling $20,067.50 |
| November 2017 | 56 ATM deposits at Chase Bank totaling $62,711, and 15 related debits to virtual currency exchange Gemini totaling $69,966 |
| December 2017 | 27 ATM deposits at Chase Bank totaling $36,640, and 11 related debits to virtual currency exchanges Gemini and Glidera totaling $46,729.97 |
| January 2018 | 38 ATM deposits at Chase Bank totaling $64,605, and 17 related debits to virtual currency exchanges Gemini and Glidera totaling $63,480.03 |
| May 2018 | 26 ATM deposits at Chase Bank totaling $37,720, and 12 related debits to virtual currency exchanges Gemini and Glidera totaling $26,983.45 |

| June 2018 | 20 ATM deposits at Chase Bank totaling $27,380, and 10 related debits to virtual currency exchanges Gemini and Glidera totaling $24,485.02 |
| October 12 and 15, 2018 | ATM deposits at Chase Bank in the amounts of $3,000, $1,700, $3,000, and $1,800 after receiving $11,250 in cash |
| November 2018 | 24 ATM deposits at Chase Bank totaling $48,310, and 9 related debits to virtual currency exchange Gemini totaling $43,085 |
| December 7, 10, and 11, 2018 | ATM deposits at Chase Bank in the amounts of $3,000, $1,800, $2,760, $2,100, $3,100, and $2,200 after receiving $15,000 in cash |
| December 21, 2018 | ATM deposits at Chase Bank in the amounts of $2,500 and $2,300 after receiving $15,000 in cash |

     d.    In 2017 and 2018, BODEN and DEJAGER "mixed" bitcoin before selling it to customers to conceal its origin, including but not limited to the following transactions on or about the following dates:

| Date(s) | Amount | Bitcoin address(es) in transaction |
| --- | --- | --- |
| May 26–27, 2017 | 2.92 BTC | 1D8CuCoedjbQtCtK4dXcrmfXCRqwan21Sq |
| June 5, 2017 | 2.14 BTC | 1NT2nFBAihHsVPuQMT8TmJAzQtXELwUNnx |
| June 5, 2017 | 2.78 BTC | 198rx6UM8mLCDCtiVMBygxFHetzupH89YM |
| June 8–9, 2017 | 1.20 BTC | 1CLTZmvTu5aXxuBCvHBTpJfGecgobFAc9e |
| June 9–10, 2017 | 1.79 BTC | 12UiZLdjeVAX5zsY9osjfv9wU44VbNk7ri |
| June 15–16, 2017 | 1.03 BTC | 1Fj2qnd4eRjSBQjjtWHZqNxUZScEPhRRsg |
| June 27–28, 2017 | 0.92 BTC | 1P8qn3GkYQ2r3dVrwBx97YM9Jh2jscrq76 |
| July 19–22, 2017 | 0.38 BTC | 1MNh3h2rcNeGcxY1y8xK2sQYBx5eW6CckX |
| August 7–8, 2017 | 0.46 BTC | 1KnZbqGdfkturk13PM7ne1Yh8LE5ui6q8b |
| August 14–16, 2017 | 0.19 BTC | 1CHHh65tCXQ4kQLpmgoBbq6QBmYBhuEbxW |
| June 26–29, 2018 | 0.60 BTC<br>0.14 BTC | 12DtmyZsSaCnNH5z7RVAoYqYJb2UbxkvEL<br>1F32gYVEm4NzS4HUH58ykFRZUn5i9KsHb8 |

     e.    In 2017 and 2018, BODEN and VOGT advertised the sale of bitcoin at The Geek Group and recruited customers to purchase bitcoin, including, but not limited to, by posting a bitcoin sign on the window of The Geek Group.

18 U.S.C. § 371
18 U.S.C. § 1960

## COUNT 2
(Operating an Unlicensed Money Transmitting Business)

Between approximately March 2017 and December 2018, in Kent County, in the Western District of Michigan, Southern Division, and elsewhere, the defendants,

CHRISTOPHER ALLAN BODEN, a/k/a "Captain,"
LEESA BETH VOGT, a/k/a "Lis Bokt," a/k/a "Moose," and
DANIEL REYNOLD DEJAGER, a/k/a "Daniel Reynold,"
a/k/a "Daniel Miester," a/k/a "Danichi,"

unlawfully, willfully, and knowingly conducted, controlled, managed, supervised, directed, and owned all or part of an unlicensed money transmitting business affecting interstate and foreign commerce, and aided and abetted the same, (a) while failing to comply with the money transmitting business registration requirements under Section 5330 of Title 31, United States Code, and regulations prescribed under such section, and (b) involving the transmission of funds that were known to BODEN and DEJAGER to have been derived from a criminal offense and intended to be used to promote or support unlawful activity, namely, BODEN, VOGT, DEJAGER, and Swink used The Geek Group, a/k/a the National Science Institute, to transmit hundreds of thousands of dollars by means of virtual currency, including bitcoin, without registering The Geek Group as a money transmitting business under federal law, and BODEN and DEJAGER knew that at least some of the funds involved were used to purchase or derived from selling controlled substances.

18 U.S.C. §§ 1960, 2

## COUNT 3

(Conspiracy to Launder Money)

From in or about March 2017 through December 2018, in Kent County, in the Western

District of Michigan, Southern Division, and elsewhere, the defendants,

CHRISTOPHER ALLAN BODEN, a/k/a "Captain," and
DANIEL REYNOLD DEJAGER, a/k/a "Daniel Reynold,"
a/k/a "Daniel Miester," a/k/a "Danichi,"

knowingly combined, conspired, and agreed with each other and with other persons known and

unknown to the Grand Jury to commit offenses against the United States in violation of Title 18,

United States Code, Sections 1956 and 1957, namely:

(a)  to knowingly conduct and attempt to conduct financial transactions affecting

interstate and foreign commerce, which involved the proceeds of a specified unlawful activity,

that is, operating an unlicensed money transmitting business, with the intent to promote the

carrying on of specified unlawful activity, that is, operating an unlicensed money transmitting

business and the distribution of controlled substances, and that while conducting and attempting

to conduct such financial transactions, knew that the property involved in the financial

transactions represented the proceeds of some form of unlawful activity, in violation of Title 18,

United States Code, Section 1956(a)(1)(A)(i);

(b)  to knowingly conduct and attempt to conduct financial transactions affecting

interstate and foreign commerce, which involved the proceeds of a specified unlawful activity,

that is, operating an unlicensed money transmitting business, knowing that the transactions were

designed in whole or in part to conceal and disguise the nature, location, source, ownership, and

control of the proceeds of specified unlawful activity, and that while conducting and attempting

to conduct such financial transactions, knew that the property involved in the financial

transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

(c) to knowingly engage and attempt to engage in monetary transactions by, through, or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that is, U.S. currency, such property having been derived from a specified unlawful activity, that is, operating an unlicensed money transmitting business, in violation of Title 18, United States Code, Section 1957.

<u>MANNER AND MEANS</u>

The manner and means used to accomplish the object of the conspiracy included, among others, the following:

1.      BODEN used his registered non-profit entity, The Geek Group, a/k/a the National Science Institute, and its place of business in Grand Rapids, Michigan, to advertise and recruit customers to purchase bitcoin, as described in Count 1, the allegations of which are hereby incorporated by reference.

2.      BODEN marketed himself as a bitcoin broker who did not require any information about his customers, that is, he advertised that he did not collect know-your-customer ("KYC") information about his clients.

3.      BODEN obtained bitcoin from DEJAGER, who obtained the bitcoin from other sources.  DEJAGER periodically travelled from Washington to Grand Rapids, Michigan, to meet with BODEN.

4.      BODEN's customers paid him in cash.  BODEN sent the proceeds from the sale of bitcoin to DEJAGER to purchase still additional bitcoin.

5.      BODEN and DEJAGER regularly "mixed" bitcoin in order to conceal the origin of the funds used in the transactions.  BODEN advertised his ability to mix bitcoin to his customers.

6.      In at least some instances, BODEN knew that the customer to whom he sold bitcoin was using the bitcoin to engage in illegal activities, including the distribution of controlled substances.

18 U.S.C. § 1956(h)

**COUNTS 4 THROUGH 14**
(Money Laundering)

On or about the dates set forth below, in Kent County, in the Western District of

Michigan, Southern Division, and elsewhere, the defendants,

CHRISTOPHER ALLAN BODEN, a/k/a "Captain," and
DANIEL REYNOLD DEJAGER, a/k/a "Daniel Reynold,"
a/k/a "Daniel Miester," a/k/a "Danichi,"

knowingly conducted and attempted to conduct the following financial transactions affecting

interstate and foreign commerce, namely, the transfer of bitcoin through the specified address or

addresses, which involved the proceeds of specified unlawful activity, that is, operating an

unlicensed money transmitting business, with the intent to promote the carrying on of said

specified unlawful activity and knowing that the transactions were designed in whole and in part

to conceal and disguise the nature, location, source, ownership, and control of the proceeds of

said specified unlawful activity and that while conducting and attempting to conduct such

financial transactions, the defendants knew that the property involved in the financial

transactions represented the proceeds of some form of unlawful activity.

| Count | Date(s) | Amount | Bitcoin address(es) in transaction |
|-------|---------|--------|-------------------------------------|
| 4 | May 26–27, 2017 | 2.92 BTC | 1D8CuCoedjbQtCtK4dXcrmfXCRqwan21Sq |
| 5 | June 5, 2017 | 2.14 BTC | 1NT2nFBAihHsVPuQMT8TmJAzQtXELwUNnx |
| 6 | June 5, 2017 | 2.78 BTC | 198rx6UM8mLCDCtiVMBygxFHetzupH89YM |
| 7 | June 8–9, 2017 | 1.20 BTC | 1CLTZmvTu5aXxuBCvHBTpJfGecgobFAc9e |
| 8 | June 9–10, 2017 | 1.79 BTC | 12UiZLdjeVAX5zsY9osjfv9wU44VbNk7ri |
| 9 | June 15–16, 2017 | 1.03 BTC | 1Fj2qnd4eRjSBQjjtWHZqNxUZScEPhRRsg |

| 10 | June 27–28, 2017 | 0.92 BTC | 1P8qn3GkYQ2r3dVrwBx97YM9Jh2jscrq76 |
| 11 | July 19–22, 2017 | 0.38 BTC | 1MNh3h2rcNeGcxY1y8xK2sQYBx5eW6CckX |
| 12 | August 7–8, 2017 | 0.46 BTC | 1KnZbqGdfkturk13PM7ne1Yh8LE5ui6q8b |
| 13 | August 14–16, 2017 | 0.19 BTC | 1CHHh65tCXQ4kQLpmgoBbq6QBmYBhuEbxW |
| 14 | June 26–29, 2018 | 0.60 BTC<br>0.14 BTC | 12DtmyZsSaCnNH5z7RVAoYqYJb2UbxkvEL<br>1F32gYVEm4NzS4HUH58ykFRZUn5i9KsHb8 |

18 U.S.C. §§ 1956(a)(1)(A)(i), (B)(i), 2

## COUNT 15

(Money Laundering)

On or about October 12, 2018, in Kent County, in the Western District of Michigan,

Southern Division, and elsewhere, the defendants,

CHRISTOPHER ALLAN BODEN, a/k/a "Captain," and
DANIEL REYNOLD DEJAGER, a/k/a "Daniel Reynold,"
a/k/a "Daniel Miester," a/k/a "Danichi,"

with the intent to conceal and disguise the nature, location, source, ownership, and control of

property believed to be the proceeds of specified unlawful activity, knowingly conducted and

attempted to conduct a financial transaction, namely, the sale of bitcoin for cash, affecting

interstate or foreign commerce involving property represented by an undercover law

enforcement officer to be proceeds of specified unlawful activity, namely, distribution of

controlled substances in violation of Title 21, United States Code, Section 841.

18 U.S.C. § 1956(a)(3)(B)

## COUNT 16
(Money Laundering)

On or about December 7, 2018, in Kent County, in the Western District of Michigan,

Southern Division, and elsewhere, the defendants,

CHRISTOPHER ALLAN BODEN, a/k/a "Captain," and
DANIEL REYNOLD DEJAGER, a/k/a "Daniel Reynold,"
a/k/a "Daniel Miester," a/k/a "Danichi,"

with the intent to conceal and disguise the nature, location, source, ownership, and control of

property believed to be the proceeds of specified unlawful activity, knowingly conducted and

attempted to conduct a financial transaction, namely, the sale of bitcoin for cash, affecting

interstate or foreign commerce involving property represented by an undercover law

enforcement officer to be proceeds of specified unlawful activity, namely, distribution of

controlled substances in violation of  Title 21, United States Code, Section 841.

18 U.S.C. § 1956(a)(3)(B)

## COUNT 17
(Money Laundering)

On or about December 21, 2018, in Kent County, in the Western District of Michigan,

Southern Division, and elsewhere, the defendant,

CHRISTOPHER ALLAN BODEN, a/k/a "Captain,"

with the intent to conceal and disguise the nature, location, source, ownership, and control of

property believed to be the proceeds of specified unlawful activity, knowingly conducted and

attempted to conduct a financial transaction, namely, the sale of bitcoin for cash, affecting

interstate or foreign commerce involving property represented by an undercover law

enforcement officer to be proceeds of specified unlawful activity, namely, distribution of

controlled substances in violation of  Title 21, United States Code, Section 841.

18 U.S.C. § 1956(a)(3)(B)

## COUNTS 18 THROUGH 27
(Structuring)

On or about the dates set forth below, in Kent County, in the Western District of

Michigan, Southern Division, and elsewhere, the defendants,

CHRISTOPHER ALLAN BODEN, a/k/a "Captain,"
LEESA BETH VOGT, a/k/a "Lis Bokt," a/k/a "Moose," and
DANIEL REYNOLD DEJAGER, a/k/a "Daniel Reynold,"
a/k/a "Daniel Miester," a/k/a "Danichi,"

knowingly and for the purpose of evading the reporting requirements of Section 5313(a) of Title

31, United States Code, and the regulations promulgated thereunder, structured and assisted in

structuring the following transactions with domestic financial institutions, and did so while

violating another law of the United States and as part of a pattern of illegal activity involving

more than $100,000 in a 12-month period.

| Count | Defendants | Date | Description of Transactions |
|-------|-----------|------|----------------------------|
| 18 | VOGT and DEJAGER | September 2017 | 22 ATM deposits at Chase Bank totaling $19,970, each consisting of currency not exceeding $10,000, and 12 related debits to virtual currency exchanges Coinbase and Glidera, totaling $20,067.50 |
| 19 | BODEN, VOGT, and DEJAGER | November 2017 | 56 ATM deposits at Chase Bank totaling $62,711, each consisting of currency not exceeding $10,000, and 15 related debits to virtual currency exchange Gemini totaling $69,966 |
| 20 | BODEN, VOGT, and DEJAGER | December 2017 | 27 ATM deposits at Chase Bank totaling $36,640, each consisting of currency not exceeding $10,000, and 11 related debits to virtual currency exchanges Gemini and Glidera totaling $46,729.97 |
| 21 | BODEN, VOGT, and DEJAGER | January 2018 | 38 ATM deposits at Chase Bank totaling $64,605, each consisting of currency not exceeding $10,000, and 17 related debits to virtual currency exchanges Gemini and Glidera totaling $63,480.03 |
| 22 | BODEN, VOGT, and DEJAGER | May 2018 | 26 ATM deposits at Chase Bank totaling $37,720, each consisting of currency not exceeding $10,000, and 12 related debits to |

| | | | virtual currency exchanges Gemini and Glidera totaling $26,983.45 |
|---|---|---|---|
| 23 | BODEN, VOGT, and DEJAGER | June 2018 | 20 ATM deposits at Chase Bank totaling $27,380, each consisting of currency not exceeding $10,000, and 10 related debits to virtual currency exchanges Gemini and Glidera totaling $24,485.02 |
| 24 | BODEN | October 12 and 15, 2018 | ATM deposits at Chase Bank in the amounts of $3,000, $1,700, $3,000, and $1,800 after receiving $11,250 in cash |
| 25 | BODEN, VOGT, and DEJAGER | November 2018 | 24 ATM deposits at Chase Bank totaling $48,310, each consisting of currency not exceeding $10,000, and 9 related debits to virtual currency exchange Gemini totaling $43,085 |
| 26 | BODEN and DEJAGER | December 7, 10, and 11, 2018 | ATM deposits at Chase Bank in the amounts of $3,000, $1,800, $2,760, $2,100, $3,100, and $2,200 after receiving $15,000 in cash |
| 27 | BODEN and VOGT | December 21, 2018 | ATM deposits at Chase Bank in the amounts of $2,500 and $2,300 after receiving $15,000 in cash |

31 U.S.C. § 5324(a)(3), (d)
31 C.F.R. §§ 1010.100(t), 1010.311, 1010.313, 1010.314
18 U.S.C. § 2

## COUNT 28

(Attempted Collection of Debt by Extortionate Means)

From on or about December 7, 2018, to on or about December 21, 2018, in Kent County, in the Western District of Michigan, Southern Division, the defendant,

CHRISTOPHER ALLAN BODEN, a/k/a "Captain,"

knowingly participated in the use of extortionate means within the meaning of Title 18, United States Code, Section 891(7), to collect and attempt to collect an extension of credit and to punish a person for the nonrepayment thereof by soliciting an undercover law enforcement officer to collect a debt owed by C.J.

18 U.S.C. § 894(a)

## FORFEITURE ALLEGATION
(Conspiracy to Operate an Unlicensed Money Transmitting Business)

1.      The allegations contained in Count 1 of this Indictment are hereby re-alleged and

incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United

States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2.      Pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28,

United States Code, Section 2461(c), upon conviction of conspiracy to violate 18 U.S.C. § 1960,

in violation of Title 18, United States Code, Section 371, the defendants,

CHRISTOPHER ALLAN BODEN, a/k/a "Captain,"
LEESA BETH VOGT, a/k/a "Lis Bokt," a/k/a "Moose," and
DANIEL REYNOLD DEJAGER, a/k/a "Daniel Reynold,"
a/k/a "Daniel Miester," a/k/a "Danichi,"

shall forfeit to the United States any property, real or personal, which constitutes or is derived

from proceeds traceable to said violations, including but not limited to the following:

a.      A money judgment in the amount of at least $700,000 in United States

currency.

b.      All virtual currency, totaling approximately 1.33 BTC, and all virtual

currency accessible from wallets associated with two Trezor devices, comprising at least 0.365

BTC, seized on or about December 21, 2018, from The Geek Group, a/k/a the National Science

Institute, in Grand Rapids, Michigan.

3.      If any of the above-described forfeitable property, as a result of any act or

omission of the defendant(s):

a.      cannot be located upon the exercise of due diligence;

b.      has been transferred or sold to, or deposited with, a third person;

c.      has been placed beyond the jurisdiction of the Court;

       d.    has been substantially diminished in value; or

       e.    has been commingled with other property which cannot be subdivided

           without difficulty;

the United States shall be entitled to forfeiture of substitute property, pursuant to 21 U.S.C.

§ 853(p), as incorporated by 28 U.S.C. § 2461(c).

18 U.S.C. §§ 371, 981, 1960
21 U.S.C. § 853(p)
28 U.S.C. § 2461

## FORFEITURE ALLEGATION
### (Operating an Unlicensed Money Transmitting Business)

1.     The allegations contained in Count 2 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(1).

2.     Pursuant to Title 18, United States Code, Section 982(a)(1), upon conviction of an offense in violation of Title 18, United States Code, Section 1960, the defendants,

CHRISTOPHER ALLAN BODEN, a/k/a "Captain,"
LEESA BETH VOGT, a/k/a "Lis Bokt," a/k/a "Moose," and
DANIEL REYNOLD DEJAGER, a/k/a "Daniel Reynold,"
a/k/a "Daniel Miester," a/k/a "Danichi,"

shall forfeit to the United States any property, real or personal, involved in such offenses, and any property traceable to such property.  The property to be forfeited includes, but is not limited to, the following:

a.     A money judgment in the amount of at least $700,000 in United States currency.

b.     All virtual currency, totaling approximately 1.33 BTC, and all virtual currency accessible from wallets associated with two Trezor devices, comprising at least 0.365 BTC, seized on or about December 21, 2018, from The Geek Group, a/k/a the National Science Institute, in Grand Rapids, Michigan.

3.     If any of the above-described forfeitable property, as a result of any act or omission of the defendant(s):

a.     cannot be located upon the exercise of due diligence;

b.     has been transferred or sold to, or deposited with, a third person;

c.     has been placed beyond the jurisdiction of the Court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which cannot be subdivided

without difficulty;

the United States shall be entitled to forfeiture of substitute property, pursuant to Title 21, United

States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1)

and Title 28, United States Code, Section 2461(c).

18 U.S.C. §§ 982, 1960
21 U.S.C. § 853
28 U.S.C. § 2461

## FORFEITURE ALLEGATION
(Money Laundering)

1.     The allegations contained in Counts 3 through 17 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 982(a)(1).

2.     Pursuant to Title 18, United States Code, Section 982(a)(1), upon conviction of an offense in violation of Title 18, United States Code, Section 1956, the defendants,

CHRISTOPHER ALLAN BODEN, a/k/a "Captain," and
DANIEL REYNOLD DEJAGER, a/k/a "Daniel Reynold,"
a/k/a "Daniel Miester," a/k/a "Danichi,"

shall forfeit to the United States any property, real or personal, involved in such offenses, and any property traceable to such property.  The property to be forfeited includes, but is not limited to, the following:

a.     A money judgment in the amount of at least $700,000 in United States currency.

b.     All virtual currency, totaling approximately 1.33 BTC, and all virtual currency accessible from wallets associated with two Trezor devices, comprising at least 0.365 BTC, seized on or about December 21, 2018, from The Geek Group, a/k/a the National Science Institute, in Grand Rapids, Michigan.

3.     If any of the above-described forfeitable property, as a result of any act or omission of the defendant(s):

a.     cannot be located upon the exercise of due diligence;

b.     has been transferred or sold to, or deposited with, a third person;

c.     has been placed beyond the jurisdiction of the Court;

d.     has been substantially diminished in value; or

e.    has been commingled with other property which cannot be subdivided

without difficulty;

the United States shall be entitled to forfeiture of substitute property, pursuant to Title 21, United

States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1)

and Title 28, United States Code, Section 2461(c).

18 U.S.C. §§ 982, 1956
21 U.S.C. § 853
28 U.S.C. § 2461

## FORFEITURE ALLEGATION
(Structuring)

1.  The allegations contained in Counts 18 through 27 of this Indictment are hereby

re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title

31, United States Code, Section 5317.

2.  Pursuant to Title 31, United States Code, Section 5317, upon conviction of an

offense in violation of Title 31, United States Code, Section 5324, the defendants,

CHRISTOPHER ALLAN BODEN, a/k/a "Captain,"
LEESA BETH VOGT, a/k/a "Lis Bokt," a/k/a "Moose," and
DANIEL REYNOLD DEJAGER, a/k/a "Daniel Reynold,"
a/k/a "Daniel Miester," a/k/a "Danichi,"

shall forfeit to the United States any property, real or personal, involved in such offenses, and

any property traceable to such property.  The property to be forfeited includes, but is not limited

to, the following:

a.  A money judgment in the amount of at least $700,000 in United States

currency.

b.  All virtual currency, totaling approximately 1.33 BTC, and all virtual

currency accessible from wallets associated with two Trezor devices, comprising at least 0.365

BTC, seized on or about December 21, 2018, from The Geek Group, a/k/a the National Science

Institute, in Grand Rapids, Michigan.

3.  If any of the above-described forfeitable property, as a result of any act or

omission of the defendant(s):

a.  cannot be located upon the exercise of due diligence;

b.  has been transferred or sold to, or deposited with, a third person;

c.  has been placed beyond the jurisdiction of the Court;

      d.     has been substantially diminished in value; or

      e.     has been commingled with other property which cannot be subdivided

             without difficulty;

the United States shall be entitled to forfeiture of substitute property, pursuant to Title 21, United

States Code, Section 853(p), as incorporated by Title 31, United States Code, Section 5317(c)

and Title 28, United States Code, Section 2461(c).

31 U.S.C. §§ 5317, 5324
21 U.S.C. § 853
28 U.S.C. § 2461

 

A TRUE BILL

_____
GRAND JURY FOREPERSON

ANDREW BYERLY BIRGE
United States Attorney

_____
JUSTIN M. PRESANT
Assistant United States Attorney