UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                      No. 1:21-cr-00040

        v.                             Hon. Robert J. Jonker
                                             United States District Judge

CHRISTOPHER ALLAN BODEN,

        Defendant.
_____/

## GOVERNMENT'S RESPONSE TO MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

Defendant Christopher Boden filed a motion for early termination of supervised release. (R.123: Mot., PageID.1151-1160; R.127: Mem., PageID.1178.) The U.S. Probation Office filed a memorandum supporting the motion. (R.127: Mem., PageID.1179.) For the following reasons, the government does not oppose Boden's motion.

### Background

Boden was convicted of three federal crimes: operating an unlicensed money transmitting business; money laundering; and structuring. On February 25, 2022, this Court sentenced him to serve a 30-month prison sentence followed by three years of supervised release on each count, to be served concurrently. (R.106: Judgment, PageID.986-987.) A special condition of supervised release required Boden to perform 150 hours of community service within 30 months. (Id., PageID.989.) The criminal monetary penalties included a $300 special assessment and a money judgment in the amount of $75,000. (Id., PageID.991.) No restitution was ordered. (Id., PageID.990.)

The U.S. Probation Office reported that Boden has not violated the conditions of his release and completed 150 hours of community service. His financial obligations also have been fulfilled. Boden does not have a history of violent offenses. He has maintained productive employment. The Probation Office transferred Boden to the administrative caseload on December 10, 2024, and he has remained in compliance with minimal involvement from the probation office. (R.127: Mem., PageID.1179.)

## Law and Argument

The Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release ... if it is satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice." 18 U.S.C. § 3583(e)(1). *See also United States v. Hale*, 147 F.4th 638, 640 (6th Cir. 2025). A district court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *Id.* In making this determination, the Court must consider certain sentencing factors set forth in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3583(e); *United States v. Tavarez*, 141 F.4th 750, 758 (6th Cir. 2025) (holding that the record must demonstrate that the district court considered the relevant § 3553(a) factors before denying an early termination motion). The relevant factors are:

> (1) the nature and circumstances of the offense and the defendant's history and characteristics;
>
> (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed education or vocational training, medical care, or other correctional treatment in the most effective manner;

    (3)  the kinds of sentence and sentencing range established from the defendant's crimes;

    (4)  pertinent policy statements issued by the United States Sentencing Commission;

    (5)  the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

    (6)  the need to provide restitution to any victims of the offense.

*Tavarez*, 141 F.4th at 756. "The district court need not 'articulate its analysis of each sentencing factor as long as the record demonstrates that the court considered the relevant factors.'" *Id.* at 757 (quoting *United States v. Watkins*, 625 F.3d 277, 281 (6th Cir. 2010)). The Sixth Circuit observed that, "we might expect that district courts will 'generally' find early termination proper only when exceptionally good conduct or other changed circumstances are present," but noted there is no "blanket rule" that requires exceptional conduct as an "absolute prerequisite" for early termination of supervised release. *Hale*, 147 F.4th at 641 (quoting *United States v. Melvin*, 978 F.3d 49, 53 (3d Cir. 2020)). Instead, exceptionally good behavior while on supervision is a "relevant consideration." *Id.*

      In this case, Boden has served more than one year of supervised release and therefore qualifies for early release consideration. Boden's offense conduct was serious, resulting in an offense level 35 and an advisory Guideline range of 168-210 months, largely due to the amount of money laundered (more than $700,000) and because the activity involved controlled substances. (R.89: PSR, PageID.888; R.109: Sent. Tr., PageID.1053-55.) However, given the unique nature and circumstances of Boden's offense conduct, the Court varied downward to achieve specific deterrence

3

that, in the Court's view, was sufficient but not greater than necessary to comply with the purposes of sentencing. (R.109: Sent. Tr., PageID.1060.) Against that backdrop, the Probation Office reported that Boden has complied with all conditions of release, his financial penalties have been paid, and he operates a successful business. Although Boden has some prior criminal history between 1996 and 2009, those offenses did not involve violent behavior. (R.89: PSR, PageID.890-91.) Accordingly, the Probation Office concluded that Boden has "successfully reintegrated into the community, and does not pose a foreseeable risk to public safety or any individual third party." (R.127: Mem., PageID.1179.) In consideration of the relevant Section 3553(a) factors, the government is not aware of any basis on which to object to Boden's motion for early termination, does not oppose his motion, and respectfully defers to the Court's judgment on whether early termination of the Court's supervision is in the interest of justice.

Respectfully submitted,

TIMOTHY VERHEY
United States Attorney

Dated: October 16, 2025

/s/ *Christopher M. O'Connor*
CHRISTOPHER M. O'CONNOR
Assistant United States Attorney
United States Attorney's Office
P.O. Box 208
Grand Rapids, MI 49501-0208
(616) 456-2404
christopher.oconnor@usdoj.gov

4